IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES L. WINDECK,

        Plaintiff,

        vs.                                                                                                                   No. CIV 96-0922 JC/RLP

NORDICTRACK, INC.,

        Defendant.

**MEMORANDUM OPINION**

        THIS MATTER came on for consideration of Defendant's Motion for Summary Judgment, filed July 16, 1997. The Court has reviewed the motion, the briefs submitted by the parties, the relevant authorities and heard oral argument on September 11, 1997. An Order was entered on September 11, 1997, granting Defendant's Motion for Summary Judgment as to Plaintiff's claims of inadequate warnings. After further consideration of the remaining portion of Defendant's motion, the Court has determined that Defendant's Motion for Summary Judgment will be denied as to Plaintiff's claims of defective design.

**Background**

        Plaintiff, James Windeck, is a medical doctor who was 62 years old in December 1993 when he purchased a NordicSport Ski 450 model exercise machine. Plaintiff has severely abducted feet, is bow-legged and flat footed. Because of his abducted feet, Plaintiff's heels rotate inward and his toes point outward when he walks. Plaintiff contends that his current medical problems were caused by his use of the NordicTrack machine. He contends that the toe holds force his feet into an

unnaturally straight line.  Furthermore, his abduction causes his heels to rotate inward which causes his heels to strike the flywheel between the skis on the NordicTrack.  Plaintiff alleges that this sequence of events results in an unnatural rotation of his back.

Plaintiff's remaining causes of action against Defendant are essentially allegations of defective design.  Plaintiff asserts that the design of the ski machine was defective because it would cause severe back injuries in people with his physical characteristics.  Plaintiff's only evidence that the NordicTrack was the actual cause of his medical problems is the expert testimony of Dr. Francis.  Defendant seeks to prohibit the testimony of Dr. Francis as being mere speculation and not true expert testimony.  Without Dr. Francis' testimony, Plaintiff would have no evidence that his injuries were caused by the NordicTrack.  Therefore, if the Court were to find Dr. Francis' testimony inadmissible, summary judgment would be proper on all remaining causes of action.

**Analysis**

I.  Legal Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 321-323 (1986).  Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

In reviewing a summary judgment motion, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir.

1995), even when it is produced by the moving party." Buchanan v. Sherrill, 51 F.3d 227, 228 (10th Cir. 1995). "Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). "Thus, to defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" Id. (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 at 249-250 (citations omitted).

II.  Discussion

At oral argument on September 11, 1997, the Court indicated that Dr. Francis' opinion does not meet the test set out by the Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Nevertheless, Plaintiff argues that Dr. Francis' opinion is proper expert testimony based upon the Tenth Circuit's ruling in Compton v. Subaru of America, Inc., 82 F.3d 1513 (10th Cir. 1996). In Compton, the Tenth Circuit held that the factors outlined in the Daubert test for determining admissibility of scientific testimony are applicable only when the proffered expert relies on some principle or methodology. In other words, where expert testimony is based solely upon experience or training, the Daubert factors are not applicable. In such cases, Rule 702 of the Federal Rules of Evidence merely requires the trial court to make a preliminary finding that the proffered expert testimony is both relevant and reliable. In order to be relevant, the testimony must be helpful to the trier of fact.

I find the circumstances of this case are quite close to those laid out by the Court in <u>Compton</u>. There, the Tenth Circuit found that the district court was correct in admitting the proffered expert testimony. Even though the district court indicated that it had a very low opinion of the expert's credibility and the validity of his opinions, the Tenth Circuit agreed that those factors went to the weight of the testimony and not its admissibility. As did the district court judge in <u>Compton</u>, I find that, given the evidence before the Court at this time, Dr. Francis' testimony is marginally admissible.

I wish to clearly express that I am unimpressed with Dr. Francis' credibility as an expert and the validity of his opinions. While I will not grant Defendant's Motion for Summary Judgment with regard to defective design because I believe at this time that Dr. Francis' opinions are admissible, all parties should be aware that I will grant a judgment as a matter of law for Defendant at trial if, after actually hearing Dr. Francis' testimony, I find it to be inadmissible.

An order in accordance with this opinion shall be entered.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Michael C. Boltz<br>Albuquerque, New Mexico |
| | Peter V. Domenici, Jr.<br>Dolan & Domenici<br>Albuquerque, New Mexico |
| Counsel for Defendant: | James R. Behrenbrinker<br>Timothy J. Pramas<br>Robins, Kaplan, Miller & Ciresi<br>Minneapolis, Minnesota |
| | Dale R. Rugge<br>Jeffries & Rugge<br>Albuquerque, New Mexico |